THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO: 1:18-cv-00199-MR
[Criminal Case No: 1:13-cr-00003-MR-1]

| | | |
|---|---|---|
| DOUGLAS GENE CHERRY, JR., | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on Petitioner's *pro se* "Motion Requesting Additional Relief Pursuant to and/or in Relation to 28 U.S.C. 2255." [Doc. 1].

On January 9, 2013, Petitioner entered a straight-up guilty plea in this Court to two counts of possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). The Court sentenced him to concurrent 99-month terms of imprisonment to run consecutive to any undischarged term of imprisonment. [Crim. Case No. 1:13-cr-00003-MR-1 ("CR"), Doc. 16].

Petitioner filed a direct appeal [CR Doc. 18, which he subsequently moved to dismiss [CR Doc. 26-1]. On September 12, 2015, this Court

reduced Petitioner's sentence to concurrent 92-month terms of imprisonment pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines.  [CR Doc. 30].

Petitioner now seeks the following relief:  1) an order directing Respondent to respond to Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside or Correct Sentence and granting Petitioner leave to reply to Respondent's response; 2) an order directing Respondent to provide Petitioner copies of documents from his underlying criminal case, including the plea agreement,[1] Rule 11 hearing transcript and sentencing transcript; 3) an unredacted copy of Respondent's "evidentiary" file from the criminal case; 4) an order directing defense counsel to provide Petitioner unredacted copies of any and all "letters, notes, documents and/or memoranda" between the attorney and anyone else regarding Petitioner's criminal case; 5) leave to expand the record; 6) an evidentiary hearing; 7) leave to amend the § 2255 Motion; and 8) appointment of counsel.  [Doc. 1].

Petitioner, however, has not yet filed any motion to vacate pursuant to 28 U.S.C. § 2255.[2]  Petitioner may not obtain any of the relief sought here

---

[1] As noted, Cherry entered a straight-up guilty plea, so there is no plea agreement entered into the record.

[2] Although a § 2255 civil action was opened upon Petitioner's filing of the instant Motion, the Motion itself does not state any grounds for relief.  Accordingly, it cannot be construed as a § 2255 Motion to Vacate.  See Rules Governing § 2255 Proceedings, Rule 2(c)

2

prior to filing such a motion.  See e.g. Rules Governing § 2255 Proceedings, Rule 4, 28 U.S.C.A. foll. § 2255 (requiring sentencing judge to conduct an initial review of motion to vacate to determine whether government should be ordered to respond); Id. at Rules 6(a) and 8(c) (requiring appointment of counsel only where discovery is necessary or if the matter proceeds to an evidentiary hearing); Puglisi v. United States, 586 F.3d 209, 213 (2d Cir. 2009) ("There is no pre-motion discovery in a Section 2255 case."); see also Fed. R. Civ. P. 15 (setting out rules for amending pleadings).  Therefore, the Court will dismiss Petitioner's Motion and direct the Clerk of Court to close the instant action.

The Court also shall direct the Clerk to mail Petitioner a blank § 2255 form, which he should use if he decides to file a motion to vacate.  Petitioner may inquire of the Clerk about obtaining copies of certain documents filed in his criminal case, but he may be required to pay a fee for the copies.

**IT IS, THEREFORE, ORDERED** that the "Motion Requesting Additional Relief Pursuant to and/or in Relation to 28 U.S.C. 2255" [Doc. 1] is **DISMISSED**.

---

(requiring that a § 2255 Motion specify all the grounds for relief available and state the facts supporting each ground).

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail a blank 28 U.S.C. § 2255 form with a copy of this Order to Douglas Gene Cherry, Jr. and, thereafter, close this civil action.

**IT IS SO ORDERED.**

Signed: July 27, 2018

Martin Reidinger
United States District Judge